**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | | |
|---|---|---|
| **AKEEM SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:25-CV-12-SA-DAS** |
| **v.** | ) | |
| | ) | |
| **AXEL AMERICAS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT AXEL AMERICAS, LLC'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Axel Americas, LLC ("Defendant"), by and through its undersigned counsel, respectfully submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and further states as follows:

## I.     INTRODUCTION

In its Motion to Dismiss ("Motion" at Doc. 7), Defendant established that Plaintiff's Complaint is subject to dismissal because Plaintiff alleges no facts in his Complaint that he ever provided Defendant with the requested medical certification from his wife's doctor. Such failure is fatal to a claim under the FMLA. *See* 29 C.F.R. § 825.313(b).  Plaintiff does not allege that he communicated with Defendant or showed up for work between the dates of September 25, 2023 and October 2, 2023. Plaintiff's absences after September 25, 3023 are not protected under the FMLA and his termination for violating Defendant's attendance policy was proper.

1

In his Response in Opposition to Defendant's Motion to Dismiss ("Opposition" at Doc. 15), Plaintiff argues Defendant owed Plaintiff a duty to notify him that it had not received the medical certification and that Plaintiff had an opportunity to "cure" a non-existent medical certification before he could be terminated. Plaintiff asserts that these are "steps that courts have consistently held are required under the FMLA." (Doc. 15 at p. 1). Plaintiff provides no legal support for this contention throughout his 22-page Opposition. Plaintiff fails to state a claim that he was plausibly entitled to protection under the FMLA for his no call/no show absences after failing to provide certification by September 25, 2023. Defendant is entitled to a dismissal of all Plaintiff's claims.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

Contrary to Plaintiff's assertions throughout his Opposition, Defendant's Motion does not present a factual dispute. Rather, in accordance with Rule 12(b)(6) and Supreme Court precedent, Defendant accepted as true, for purposes of its Motion, all factual statements alleged in Plaintiff's Complaint. At this stage, the Court does not weigh evidence and Plaintiff's references to the *McDonnell-Douglas* burden shifting framework and pretext arguments are not applicable in assessing Defendant's Motion brought pursuant to Rule 12(b)(6) and whether Plaintiff plausibly states a claim for relief under the FMLA.

Plaintiff states that courts within the Fifth Circuit have routinely held that a motion to dismiss is improper where the complaint contains allegations that an employer denied or interfered with FMLA rights or retaliated against an employee for exercising

2

those rights. (Doc. 15 at p. 2). In support of this statement, Plaintiff cites *Bryant v. Texas Dept. of Aging and Disability Services*, 781 F.3d 764, 769 (5th Cir. 2015); *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017); *Cuellar v. Keppel Amfels, LLC*, 773 F.3d 342, 349 (5th Cir. 2013) and *Greenwell v. State Farm Mut. Auto Ins. Co*., 486 F. 3d 840, 847 (5th Cir. 2007). None of the courts in these referenced cases reviewed the propriety of a motion to dismiss.

Plaintiff asserts the court in *Bryant,* 781 F.3d at 769*,* held "that FMLA interference claims should not be dismissed where plaintiff plausibly alleged that the employer denied protective leave." (Doc. 15 at p. 2). The procedural posture of the *Bryant* court involved the appeal of a summary judgment denial based on sovereign and qualified immunity issues, not whether the plaintiff plausibly alleged the employer denied protective leave. Defendant was unable to find language in the *Bryant* case supporting Plaintiff's assertion of such holding.

Plaintiff also represents that in *Caldwell*, 850 F.3d at 245, "the Fifth Circuit reaffirmed that an FMLA retaliation claim survives a motion to dismiss if a plaintiff has pled facts suggesting a causal link between protected activity and termination." (Doc. 15 at p. 2). In *Caldwell*, the Fifth Circuit reviewed the entry of a summary judgment, not a motion to dismiss. Defendant could not find the language that Plaintiff attributes to the court's holding in *Caldwell*.

Contrary to Plaintiff's assertion, in *Cuellar,*731 F.3d at 349, the court did not hold that, "allegations of an employer failing to clarify an employee's FMLA status or misleading the employee regarding FMLA leave were sufficient to survive a motion to

3

dismiss." (Doc. 15 at pp. 2-3). In *Cuellar*, the court affirmed summary judgment for the employer, finding a secondary employer had no substantive obligations to accept a worker back upon completion of FMLA leave.

Throughout his Opposition, and beginning in his Legal Standard arguments, Plaintiff attributes the decision in *Greenwell,* 486 F.3d at 847,[1] as holding that factual disputes regarding the sufficiency of notice and the employee's good faith compliance with the FMLA's procedures precludes dismissal at the pleading stage. (Doc. 15 at pp. 3, 6, 12-13, 16 and 19). Contrary to Plaintiff's statement, the *Greenwell* court affirmed summary judgment for the employer, finding an employer is not required to be "clairvoyant" and an employee who fails to provide adequate notice of intent to invoke FMLA leave cannot then maintain a claim for a violation of the FMLA. *Greenwell*, 486 F.3d at 843-844. Defendant was unable to find the language Plaintiff attributes to the *Greenwell* holding.

Considering the factual content of Plaintiff's Complaint, Plaintiff has failed to plausibly state claims for FMLA interference or retaliation.

## III.    ARGUMENT

### A.    <u>Plaintiff Fails To Plausibly State A Claim For FMLA Interference</u>.

Plaintiff argues Defendant interfered with his right to take leave by failing to notify him that his FMLA certification had not been received and then terminating him for job abandonment despite his good-faith efforts to comply with the certification

---

[1] It should be noted that Plaintiff's pinpoint citation to the *Greenwell* decision is incorrect as there is no page 847 in the decision.

process. (Doc. 15 at p. 4). Plaintiff asserts that merely alleging that he requested his wife's doctor to complete and send the medical certification forms to Defendant is sufficient to survive Defendant's Motion and invoke protection under the FMLA. Plaintiff further asserts that his effort in simply requesting the doctor send the certification complies with the FMLA's certification requirements and prohibits Defendant from terminating him for violating its attendance policy. Plaintiff provides no legal support for such contentions. To the contrary, if the ***employee*** never produces the certification, the leave is not FMLA leave. 29 C.F.R. §825.313(b) (emphasis added). It is the employee's responsibility to return the certification, not the doctor's responsibility.

Plaintiff's reliance upon *Lindsey v. Bio-Medical Applications of Louisiana*, LLC, 9 F.4th 317, 322 (5th Cir. 2021) to support his contentions is misplaced. Plaintiff claims in *Lindsey*, the "court held that terminating an employee without giving them a chance to cure an alleged certification deficiency violates 29 C.F.R. § 825.305(d)." (Doc. 15 at p. 5). The plaintiff in *Lindsey* claimed she was being improperly written up after returning from FMLA leave and her FMLA leave was a determinative factor in the employer's decision to fire her. *Lindsey*, 9 F.4th at 324. Because there was a genuine issue of material fact as to whether the employer's reasons for Lindsey's termination were pretextual, the court reversed the entry of summary judgment. *Id*. at 326-327. Defendant was unable to locate the holding Plaintiff attributes to the *Lindsey* court and found no reference to the cited regulation. There does not appear to have been any issue of an alleged certification deficiency in *Lindsey*.

In further support of his contention, Plaintiff states that in *Cuellar*, 731 F.3d at 349, the Fifth Circuit reversed dismissal of an FMLA interference claim where the employer failed to confirm whether the employee's medical paperwork was sufficient before terminating "him." (Doc. 15 at p. 6). The plaintiff in *Cuellar* claimed her secondary employer violated the FMLA by discouraging her primary employer staffing agency from seeking her reinstatement after an FMLA-authorized maternity leave. *Cuellar*, 731 F.3d at 343. In *Cuellar*, the Fifth Circuit analyzed job restoration rights under the FMLA and the liability of a secondary employer and affirmed summary judgment in favor of the employer. *Id*. at 348. Defendant was unable to locate Plaintiff's referenced holding within the *Cuellar* decision that an employer has a duty to confirm an employee's medical paperwork is sufficient before terminating the employee.

Plaintiff had no right to "cure" any certification deficiencies because he never provided any certification. Plaintiff does not allege he provided a deficient or incomplete certification to Defendant that could be cured. Here, Plaintiff provided no certification to Defendant. Plaintiff alleges no facts that returning the certification by September 25, 2023, was impracticable and does not allege he communicated any circumstances to Defendant that made compliance with the deadline impracticable. Plaintiff does not allege he requested more time to submit the certification.

As pointed out by Defendant in its Motion, if a plaintiff fails to provide the appropriate certification of his need for medical leave, as required by the FMLA, he cannot maintain a claim for violation of the FMLA. *Kinchelow v. Robinson Prop. Grp., L.P.,* 1998 WL 180316, at *2 (N.D. Miss. March 27, 1998). When an employee simply

6

fails to provide FMLA certification, there is no duty on the employer to allow an employee to "cure" such a problem. *See Urban v. Dolencorp of Texas, Inc*., 393 F.3d 572, 577 (5th Cir. 2005).

Here, Plaintiff's allegations confirm he failed to provide Defendant a certification to support his request for FMLA leave. Plaintiff's allegations further support he failed to comply with Defendant's attendance policy and was terminated appropriately for violating that policy. *See Rogers v. Bell Helicopter Textron, Inc.,* No. 00-11048, 2001 WL 361105, at *1 (5th Cir. Mar. 23, 2001) (upholding grant of summary judgment for the employer where the employee failed to provide certification and the employer accordingly terminated her for too many unapproved absences). Plaintiff's FMLA interference claim should be dismissed for failure to state a claim.

**B.**     **Plaintiff Fails To Plausibly State A Claim For FMLA Retaliation.**

In his Complaint, Plaintiff recites the contents of his termination letter. (Doc. 1 at ¶ 28). Plaintiff does not dispute or otherwise allege Defendant's factual statements contained within that letter are false or the attendance policy was incorrectly applied. Plaintiff concedes the factual statements within the termination letter are true. Plaintiff's retaliation claim appears to arise from his allegation that Defendant could not terminate him for violating the attendance policy because it failed to notify him that the certification had not been received and that he was expected to return to work.

In support of his proposition that Defendant owed such duty, Plaintiff relies upon *Shirley v. Precision Castparts Corp*., 726 F.3d 675 (5th Cir. 2013). Plaintiff claims in *Shirley*, the Fifth Circuit emphasized that an employer must provide an opportunity to

cure and communicate clearly with employees if it intends to enforce FMLA documentation rules. (Doc. 15 at p. 10). In *Shirley*, the plaintiff claimed his restoration rights under the FMLA were violated, but the Fifth Circuit affirmed summary judgment in favor of the employer on Shirley's FMLA claims. *Shirley*, 726 F.3d at 681-883. Defendant was unable to locate the holding in *Shirley* that Plaintiff attributes to the case.

Plaintiff cannot establish a prima facie case of FMLA-related retaliation because Plaintiff was not protected under the FMLA. *See Acker v. Gen. Motors, LLC*, 853 F. 3d 784, 791 (5th Cir. 2017) (to state a prima facie case for FMLA retaliation, the employee must demonstrate that he is protected under the FMLA). Because Plaintiff failed to timely provide any medical certification (by September 25, 2024), his leave was not FMLA protected leave. 29 C.F.R. § 825.313(b).

Terminations for unprotected absences that violate an attendance policy, such as plaintiff's absences here for his multiple no-calls/no-shows, do not violate the FMLA. *Urban,* 393 F.3d at 577. Plaintiff provides no facts that plausibly support a retaliation claim because at the time he was terminated, he was not protected by the FMLA.

### C. <u>No Designation Notice Was Required</u>.

Plaintiff's argument that Defendant was required to issue a Designation Notice is not applicable here. First, Plaintiff makes no such allegation in his Complaint. Second, the notice referenced in 29 C.F.R. § 825.300(d)(1) is triggered only after receipt of the certification. Here, it is undisputed Plaintiff never delivered a certification to Defendant. Therefore, as no certification was delivered, Defendant was not required to issue such a notice.

D.    **Defendant Had No Duty Under the FMLA to Follow Up on Plaintiff's Failure to Provide the Certification**.

Plaintiff's statements that a "procedural trap" has been "squarely rejected by the Fifth Circuit" finds no support in the cases cited by Plaintiff. (Doc. 15 at p. 13). Plaintiff again misstates the holdings in *Lindsey* and *Cuellar* in arguing Defendant was required to engage in an interactive procedure to give Plaintiff a fair chance to comply with the certification deadline. Those cases made no such findings. To the contrary, the Fifth Circuit has made clear that if an employee fails to provide FMLA certification, there is no duty on the employer to allow an employee to "cure" such a problem. *Urban,* 393 F.3d at 577.

E.    **The Cat's Paw Analysis Has No Application.**

Plaintiff's arguments relating to a "cat's paw" theory does not apply here. First, it was Plaintiff who failed to timely submit his certification to Defendant. Second, it was Plaintiff who failed to call or come to work between September 25, 2023 and October 2, 2023. Third, Plaintiff makes no factual allegation that Mr. Muzzi had any influence over Defendant's decision to terminate Plaintiff for violating the attendance policy. And finally, such allegations do not establish Plaintiff was protected under the FMLA.

Plaintiff has failed to plausibly allege he has any protection under the FMLA and the Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

WHEREFORE, Defendant Axel Americas LLC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice, for its costs and attorney's fees and for all other and further relief as this Court deems just and proper.

Dated: April 4, 2025        Respectfully submitted,

LATHROP GPM LLP

By: */s/ Rebecca S. Yocum*
Rebecca S. Yocum (MO Bar #31194)
(Admitted *Pro Hac Vice*)
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
Telephone: 816-292-2000
Facsimile: 816-292-2001
Email: rebecca.yocum@lathropgpm.com

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
By: */s/ Scott Singley*
Scott Singley (MS Bar #100134)
190 East Capitol Street
Jackson, MS 39201
Telephone: 601-973-8790
Facsimile: 601-960-6902
Email: SSingley@brunini.com

*Attorneys for Defendant Axel Americas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that April 4, 2025, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the

following:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com

By: */s/ Rebecca S. Yocum*
*An Attorney for Defendant, Axel Americas, LLC*